UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMIEN D. PUGH,

    Plaintiff,                      Hon. Jane M. Beckering

v.                                        Case No. 1:25-cv-327

JANET A. PANOZZO,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on the Court's Final Order to Show Cause. (ECF No. 20). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed with prejudice and this action terminated.

## BACKGROUND

Plaintiff initiated this action on March 25, 2025, against Janet Panozzo. (ECF No. 1). Plaintiff alleges that Panozzo owns a "structure" that was "built within [his] parcel parameters." Plaintiff initiated this action to compel Panozzo "to remove the structure from [his] property" so as to maintain "the integrity of [his] deed." *Id.*

Panozzo timely answered Plaintiff's complaint, after which the Court scheduled a Rule 16 scheduling conference. (ECF No. 7-8, 14). The parties were cautioned that "failure of a party. . .to appear or participate in the Rule 16 scheduling conference may

-1-

result in the imposition of any of the sanctions allowed by Rule 16(f), including dismissal of the action or entry of default, as appropriate."

Despite this express warning, Plaintiff failed to appear at the scheduling conference. (ECF No. 16). Accordingly, the Court issued an Order to Show Cause directing Plaintiff to "appear in person" to show cause "why he should not be held in civil contempt, or otherwise sanctioned, for his failure to appear as ordered by the Court." *Id.* Plaintiff was expressly warned that "failure to appear at the show cause hearing, or to otherwise fail to comply with Court orders and the federal and local rules, may result in sanctions, up to and including dismissal of this case." *Id.*

Plaintiff failed to appear before the Court, as ordered, and instead incorrectly asserted that this matter had been "transferred to the United States District Court of Eastern Michigan" and subsequently "transferred to the United States Court of Appeals for the Sixth Circuit."[1] (ECF No. 17, 19-20). The Court then issued a Final Order to Show Cause directing Plaintiff to "Show Cause in writing, no later than September 24, 2025, as to why his case should not be dismissed for want of prosecution and failure to comply with the Court's Orders." (ECF No. 20).

Plaintiff timely responded to the Court's Order. (ECF No. 22). But, rather than squarely address the question whether his complaint should be dismissed, Plaintiff

---

[1] The present case was not, in fact, transferred to the Eastern District or the Sixth Circuit. Rather, Plaintiff filed an "improperly duplicative" action in the Eastern District which was summarily dismissed by the Honorable Susan K. DeClercq. *Pugh v. Panozzo*, 2:25-cv-11723 (E.D. Mich.). Plaintiff appealed this determination to the Sixth Circuit where the matter is pending. *Pugh v. Panozzo*, case no. 25-1655 (6th Cir.).

-2-

objected to the Court's Order on the ground that Defendant "has refused to provide proof to the courts." Accordingly, Plaintiff declared that he "will object to any intermediary proceedings as his constitutional rights of landownership [have] been violated." *Id.*

Plaintiff's response reflects a fundamental misunderstanding of the burden he shoulders having initiated the present action. Defendant, at least at this juncture, is not required to demonstrate proof of anything. Rather, it is Plaintiff's obligation to prosecute his claims and, at a minimum, properly present evidence showing that there is at least a legitimate question whether he is entitled to relief. Considering Plaintiff's demonstrated refusal to participate in this matter as well as his express disregard of multiple Court orders, the undersigned concludes that dismissal of this action for failure to prosecute is warranted.

As the United States Supreme Court long ago recognized, "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). This authority "is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30. Failure by a plaintiff to prosecute constitutes grounds to dismiss the complaint, or any particular claims therein. *See* Fed. R. Civ. P. 41(b).

When examining whether dismissal for failure to prosecute is appropriate, the Court must consider the following factors: (1) whether the party's failure to cooperate is due to willfulness, bad faith, or fault; (2) whether the adversary is prejudiced by the

party's dilatory conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered. *See Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 992 (6th Cir. 1999).

Consideration of these factors leads the undersigned to recommend that Plaintiff's claims be dismissed with prejudice. Plaintiff's failure to comply with the Court's Orders is willful and manifests bad faith. Plaintiff's conduct unfairly prejudices Defendant's ability to defend against Plaintiff's claims. Plaintiff was expressly, and repeatedly, warned that failure to comply with the Court's Orders may result in dismissal of his claims. Finally, the undersigned finds that under the circumstances a lesser sanction is insufficient.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Plaintiff's complaint be dismissed with prejudice and this action terminated. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to

appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

          Respectfully submitted,

Date: October 2, 2025          /s/ Phillip J. Green
          PHILLIP J. GREEN
          United States Magistrate Judge